# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>1988 Oldsmobile, 4 Door, Silver/Gray bearing<br>Registration Number 861-MYM TN | )<br>)<br>) Case No. 1-11-mj-194<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ____Eastern____ District of ____Tennessee____
*(identify the person or describe the property to be searched and give its location)*:
1988 Oldsmobile, 4 Door, Silver/Gray bearing Registration Number 861-MYM TN. More specifically described in affidavit attached.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
controlled substances, material and parphernalia for manufacturing, packaging, cutting, weighing and distributing controlled substances, firearms, ammunition, and documents related to the purchase and sale of narcotics. More specifically described in the affidavit.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before ____August 28, 2011____
                                                                                       *(not to exceed 10 days)* 14  SKL

☑ in the daytime 6:00 a.m. to 10 p.m.  ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge ____Susan K. Lee____.
                                      *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐for _____ days *(not to exceed 30)*.
                                                                      ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 8/18/11 at 10:50 a.m.        _____
                                                                                     *Judge's signature*

City and state: ____Chattanooga, Tennessee____   ____Susan K. Lee, U.S. Magistrate Judge____
                                                                                     *Printed name and title*

# Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 1-11-MJ-194 | 8-25-2011 9:40 | Antoniea Summerow |

Inventory made in the presence of:
Det. Terry Topping

Inventory of the property taken and name of any person(s) seized:

Nothing found

# Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 8-29-2011

_____
Executing officer's signature

Det. Christopher Palmer
_____
Printed name and title

# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 1-11-mj-194
1988 Oldsmobile, 4 Door, Silver/Gray bearing )
Registration Number 861-MYM TN )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ____Eastern____ District of ____Tennessee____ *(identify the person or describe property to be searched and give its location):* 1988 Oldsmobile, 4 Door, Silver/Gray bearing Registration Number 861-MYM TN. More specifically described in affidavit attached.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):* controlled substances, material and parphernalia for manufacturing, packaging, cutting, weighing and distributing controlled substances, firearms, ammunition, and documents related to the purchase and sale of narcotics. More specifically described in the affidavit.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of ____21____ U.S.C. § ____841____, and the application is based on these facts: see attached affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Jason Palmer, Chattanooga Police Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __08/18/2011__

_____
*Judge's signature*

City and state: Chattanooga, Tennessee

Susan K. Lee, U.S. Magistrate Judge
*Printed name and title*

EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA
Affidavit for Search Warrant

This affiant, Jason Palmer, Chattanooga Police Officer assigned to the Special Investigation Unit of the Chattanooga Police Department ("CPD"), being duly sworn, states the following:

1. I am a certified police officer and have been a police officer with Chattanooga Police Department since 1996. I am also currently assigned to the Special Investigation Unit (Narcotics Division) and have been so since 2006.

I have received specialized training from the Drug Enforcement Administration (DEA) and the Regional Counter Drug Training Academy (RCTA) Basic Narcotics, Under Cover and Informants Schools in various methods of investigation. I have attended specialized training that focused on investigations involving drug trafficking which was instructed by the Drug Enforcement Administration (DEA). I have also attended specialized training that focused on investigative tactics and techniques involving mid level narcotic investigation which was taught by (Regional Counter Drug Training Academy) RCTA.

The information contained in this affidavit has been obtained by your affiant through personal knowledge and information related to your affiant by fellow law enforcement officers. This affidavit is submitted in support of a search warrant for the premises, curtilage, vehicles, motel rooms of Antoniea Summerow, (B/M, DOB 06/11/1971), (GuestHouse Inn Room 201 and 204), 2201 Park Drive, Chattanooga, TN 37421.

2. Based upon affiant's training, experience, and participation in investigations involving narcotics violations, your affiant knows:

   (a) That drug traffickers may maintain on hand U.S currency in order to maintain and finance their ongoing narcotics business;

   (b) That drug traffickers maintain books, records, receipts, notes, ledgers, airline tickets, money orders, and other papers relating to the transportation, ordering, sale and distribution of controlled substances. That the aforementioned books, records, receipts, notes, ledgers, etc. are maintained where the traffickers have ready access to them;

(c) That it is common for drug traffickers to maintain proceeds of drug sales and records of drug transaction in secure locations within their residence, including locked boxes, closets, hidden compartments, storage facilities, outbuildings, and vehicles parked at their residence, and other locations which they maintain dominion and control over, for ready access and to conceal these items from law enforcement authorities;

(d) That it is common amongst drug traffickers to use cellular phones to conduct sales and to keep phone numbers of their associates within the cell phones. Traffickers also frequently use cellular telephones and keep a list of names and numbers of customers and suppliers in their electronic address books of their cellular telephones.

(e) That drug traffickers keep in their possession evidence including controlled substances, material and paraphernalia for manufacturing, packaging, cutting, weighing and distributing controlled substances, including but not limited to, scales, baggies and packing material

(f) That it is common for persons involved in drug trafficking to maintain evidence pertaining to their obtaining, secreting, transferring, concealing and/or spending proceeds, such as: currency, financial instruments, precious metals and gemstones, jewelry, books, records, invoices, receipts, records of real estate transactions, bank statements and related records, passbooks, money drafts, letters of credit, money orders, bank drafts, cashiers checks, bank checks, safe deposit box keys and money wrappers. These items are maintained by the traffickers within their residences, businesses or other locations over which they maintain dominion and control.

(g) That drug traffickers often utilize electronic equipment such as computers, facsimile machines, currency counting machines and telephone answering machines to generate, transfer, count, records and/or store the information described above. Traffickers also utilize electronic equipment such as video cameras, listening devices and motion sensors to protect their property and provide counter surveillance of law enforcement.

(h) That drug traffickers commonly maintain addresses and telephone numbers in books or papers which reflect names, addresses and/or telephone numbers of the associates within their trafficking organization.

2

(i) Traffickers often store photographs in cellular phones and that drug traffickers take or cause to be taken photographs of themselves, their associates, their property and their product and that these traffickers usually maintain these photographs in their possession.

(j) That drug traffickers commonly have in their possession, which is on their person, at their residences, vehicles and outbuildings, firearms, including but not limited to: handguns, pistols, revolvers, rifles, shotguns, machine guns and other weapons. Said firearms are for sale and trade. The firearms are also used to protect and secure their property. Such property may include, but is not limited to, firearms, books, records and U.S. currency.

3. I am currently participating in a joint Federal investigation of controlled substance distribution and crimes of violence located in Hamilton County, Tennessee, for the following federal violations:

(a) The possession, distribution and possession with intent to distribute controlled substances, as well as conspiracy to commit these criminal acts, in violation of 21 USC 841(a) (1), and 846

(b) The possession of firearms in furtherance of crimes of violence and drug trafficking offenses.

4. This affidavit is made in support of a warrant to search for evidence of violations of 21 USC 841(a) (1), and 846, distribution and possession with intent to distribute controlled substances, as well as conspiracy to commit drug distribution; and 18 USC 924 (c), possession of firearms in furtherance of crimes of violence and drug trafficking offenses, at the residence of Antoniea Summerow, (Guest House Inn room 201 and 204) 2201 Park Drive, Chattanooga, Tennessee, 37421.

5. The search warrant requested by this affidavit is for the premises, curtilage, automobile and motel rooms of Antoniea Summerow, Guest House Inn room numbers 201 and 204, 2201 Park Drive, Chattanooga, Tennessee, 37421, the two rooms are located on the second story which faces Park Drive. The two room doors are green and are plainly marked 201 and 204. The vehicle to be searched is a 1988 Oldsmobile, 4 Door, silver/gray bearing registration 861-MYM TN.

The two rooms can be located from the intersection of Shallowford Road and Park Drive in Chattanooga, Tennessee, by traveling south on Park Drive. The Guest House Inn is located on the right side of the road. A photo of the motel rooms is attached to this affidavit. Affiant has personally observed the motel rooms and the affiant will assist in the execution of the search warrant.

6. Your affiant submits that probable cause exists to believe that Antoniea Summerow has been involved in a continuing series of controlled substance violation in the Eastern District of Tennessee, and that Antoniea Summerow utilizes the two motel rooms, 201 and 204, located at Guest House Inn, 2201 Park Drive, Chattanooga, Tennessee and the 1988 Oldsmobile, 4 Door, silver/gray bearing registration 861-MYM TN, located in the Eastern District of Tennessee as a base of operation for that continuing criminal activity. Your affiant further submits that probable cause exists to have the two motel rooms 201 and 204, Guest House Inn, 2201 Park Drive, Chattanooga, Tennessee and the 1988 Oldsmobile, 4 Door, silver/gray bearing registration 861-MYM TN, belonging or in control of Antoniea Summerow, located in the Eastern District of Tennessee, searched for the following items:

(a) Books, photographs, records, receipts, notes, ledgers and other papers which show the transportation, ordering, purchase, distribution, possession, sale or manufacture of controlled substances;
(b) Address and/or telephone books and papers reflecting names, addressee, and/or telephone numbers, written or typed by hand as opposed to printed commercially;
(c) Books, letters, records, computerized and electronic records, receipts, bank statements and records, money drafts, letters of credit, wire transfers, safe deposit box keys, money orders and cashier's check receipts, passbooks, bank checks, and other items that reflect the spending, obtaining, secreting, transferring or concealing of controlled substance trafficking proceeds;
(d) U.S Currency, and financial instruments, including, but not limited to, stocks and bonds, notes and other documents, showing an accumulation of assets, wealth, or money to the extent that these items are found in such quantity, substance and/or quality as to permit a reasonable inference that such items are proceeds of controlled substance trafficking;
(e) Controlled substances, material and paraphernalia for manufacturing, packaging, cutting, weighing and distributing controlled substances, including but not limited to, scales, baggies and packing material;

(f) Indicia of occupancy, residency, and/or ownership of the premises described above and other real property, including but not limited to, deeds, utility and telephone bills, canceled envelopes and keys:
(g) Cellular telephones, including the electronic address book, stored memory feature and the SIM card (or similar type of electronic data storage card) of the cellular telephone;
(h) Firearms, ammunition and items associated with such as magazines, holsters, gun cases.
(i) Any and all other material evidence of violations of 18 U.S.C 922 (a) (1) and 21 U.S.C. 841 (a) (1), and 846.

7. On the basis of my familiarity with this investigation, I allege that there is probable cause to believe that the above offenses have been committed, are being committed, and will continue to be committed by targets of this investigation at the aforementioned locations for which this affidavit pertains.

8. The Chattanooga Police Department ("CPD") special investigation unit and the ATF are conducting an investigation involving the distribution of controlled substances and the use of firearms by an individual known to law enforcement as Antoniea Summerow.

9. On August 4th, 2011 agents were contacted by a CPD informant (CI 1), who has proven to be credible and reliable in past. CI 1 has given drug information in the past on least 10 occasions that has resulted in the arrest and convictions of those 10 narcotic traffickers. CI 1 stated that Antoniea Summerow is currently on federal probation for prior drug crimes. CI 1 advised that he observed Antoniea Summerow driving a late 80's model Oldsmobile, 4dr, silver/gray in color. CI 1 stated that he observed Antoniea Summerow in possession of approx. 5 ounces of powder cocaine and several ounces of crack cocaine. CI 1 advised that he observed a handgun inside the vehicle. CI 1 advised that Antoniea Summerow supplies crack cocaine to several people in the Eastdale area of Chattanooga, Tennessee.

11. On August 10th, 2011, agents were contacted by another CPD informant (CI 2) who has proven to be credible and reliable in the past. CI 2 has given drug information on a least 1 occasion that has resulted in the arrest and conviction of at least 1 drug trafficker. CI 2 advised Antoniea Summerow was selling crack cocaine.

12. CI 2 advised that Antoniea Summerow drove a late 80's model, 4 door, and silver/gray Oldsmobile Delta 88. CI 2 advised that Antoniea Summerow was supplying the Eastdale area in Chattanooga with crack cocaine. CI 2 stated that Antoniea Summerow resided at the Guest House Inn on Park Drive, Chattanooga, Tennessee. CI 2 advised that Antoniea Summerow had 2 different motel rooms; he used room 201 to sell crack cocaine and room 204, in which he resided with an unknown black female.[1] CI 2 advised that he/she went to room 201 several days prior to August 10th, 2011 with an unwitting informant that purchased crack cocaine from Antoniea Summerow. CI 2 stated that he/she observed a large amount of crack cocaine, scales and a firearm inside the motel room. CI 2 advised that he/she could make a buy from out of room 201 using the unwitting informant.

13. On August 12th, 2011, agents conducted surveillance on the Guest House Inn, Room 201 and 204, located at 2201 Park Drive. Approx. 07:30 hrs, agents observed Antoniea Summerow come out of room 204 and go into room 201. Agents observed short term traffic coming and going from room 201.

14. On August 12th, 2011, agents met with CI 2 to conduct a buy from out of the Guest House Inn, Room 201, 2201 Park Drive, Chattanooga, Tennessee. Agents searched the informant and the informant's vehicle, finding no drugs, money or firearms. Agents had CI 2 place a phone call to the unwitting informant asking if he could purchase a predetermined amount of crack cocaine. The unwitting informant advised that they would have to go the Guest House Inn to get it from "Tony." Agents monitored the phone conversation between CI 2 and the unwitting informant. Agents gave CI 2 a predetermined amount of money to use in the drug buy. Agents placed an audio monitoring device on CI 2 to monitor the drug buy. Agents monitored the audio monitoring device. Agents followed CI 2 to pick the up unwitting informant. Agents followed CI 2 and the unwitting informant to the Guest House Inn parking lot. Agents heard CI 2 give the predetermined amount of cash to the unwitting informant. Agents observed Antoniea Summerow come out of room 204 and meet the unwitting informant in room 201. Several minutes later agents observed the unwitting informant and Antoniea Summerow leave room 201. The unwitting informant went back to CI 2 vehicle and Antoniea Summerow went back to room 204. Agents heard the unwitting informant tell CI 2 that "Tony gave me 2 grams" for the predetermined amount of money.

---

[1] This is not the residence approved by and known to Summerow's federal probation officer.

Agents followed CI 2 and the unwitting informant back to the unwitting informant's residence. Agents then followed CI 2 to a predetermined location. CI 2 gave the purchased crack cocaine to your affiant. Agents then searched CI 2 and his/her vehicle finding no drugs, money or firearms.

15. On August 12th, 2011, agents made contact with Federal Probation Officer Kevin Matherly which confirmed that Antoiniea Summerow is currently on Federal Probation.

16. On August 15th, 2011, agents set up surveillance on the Guest House Inn, room 201 and 204, located at 2201 Park Drive, Chattanooga, Tennessee. Approx. 0745hrs, agents observed Antoniea Summerow leave room 204 and go into room 201. Agents observed Antoniea Summerow leave room 201 and leave the Guest House Inn in a late 80's model Oldsmobile Delta 88, 4 door, silver/gray in color. Agents observed several minutes later an unknown black female exit room 204 and then return back into room 204.

16. On August 15th, 2011, agents met with CI 2 to conduct a buy from out of the Guest House Inn, Room 201, 2201 Park Drive, Chattanooga, Tennessee. Agents searched the informant and the informant's vehicle finding no money, drugs or firearms. Agents had CI 2 to place a phone call to the unwitting informant ordering a predetermined amount of crack cocaine. The unwitting informant advised that they would have to go back to the Guest House Inn. The phone conversation between the unwitting informant and CI 2 was monitored by agents. An audio monitoring device was placed on CI 2 and was monitored by agents. Agents gave CI 2 the predetermined amount of money which was to be used in the drug transaction. Agents followed CI 2 to pick up the unwitting informant. Agents followed CI 2 and the unwitting informant to the Guest House Inn parking lot located at 2201 Park Drive, Chattanooga, Tennessee. Agents heard the CI 2 say that he needed the predetermined amount of money worth of crack cocaine. Agents observed the unwitting informant go to room 201. Agents observed Antoniea Summerow arrive back at the Guest House Inn driving the vehicle listed in paragraph 15. Antoniea Summerow went inside room 201. Agents observed the unwitting informant and Antoniea Summerow both leave room 201. The unwitting informant returned to CI 2's vehicle. Agents heard the unwitting informant and CI 2 talk about the crack cocaine that had been purchased.

Agents observed Antoniea Summerow return to room 204. Agents followed CI 2 and the unwitting informant back to the unwitting informant's residence. Agents then followed CI 2 back to a predetermined location at which time CI 2 gave your affiant the predetermined amount of crack cocaine. Agents searched the informant and the informant's vehicle finding no money, drugs or firearms.

17. On August 16th, 2011, agents set up surveillance on the Guest House Inn, room 201 and 204. Approx. 0720hrs, agents observed Antoniea Summerow exit room 204 and enter into room 201. Agents observed Antoniea Summerow leave the Guest House Inn in the above described vehicle in paragraph 15. Agents observed Summerow return to Guest House Inn and go into room 204.

18. On August 16th, 2011, agents met with CI 2 to conduct a buy from out of the Guest House Inn room 201, 2201 Park Drive, Chattanooga, Tennessee. Agents searched the informant and the informant's vehicle finding no money, drugs or firearms. Agents had CI 2 place a phone call to the unwitting informant ordering a predetermined amount of crack cocaine. The unwitting informant told CI 2 to come pick him up that they would have to go back to the Guest House Inn to get the predetermined amount of crack cocaine. Agents monitored the phone conversation between the unwitting informant and CI 2. Agents gave CI 2 a predetermined amount of money that was to be used in the drug transaction. Agents placed an audio monitoring device on CI 2. Agents monitored the audio monitoring device that was placed on CI 2. Agents followed CI 2 to pick up the unwitting informant. Agents then followed CI 2 and the unwitting informant to the Guest House Inn. Agents heard CI 2 give the unwitting informant the predetermined amount of cash. Agents observed the unwitting informant and Antoniea Summerow go inside room 201. Agents observed after a brief stay the unwitting informant and Antoniea Summerow leave room 201. Antoniea Summerow returned to room 204 and the unwitting informant returned to CI 2's vehicle. Agents heard the unwitting informant tell CI 2 that Tony had a lot of crack cocaine inside room 201. Agents heard the unwitting informant tell CI 2 that it (drugs) looks good. Agents followed CI 2 and the unwitting informant back to the unwitting informant's residence. Agents followed CI 2 back to a predetermined location at which time CI 2 handed your affiant a predetermined amount of crack cocaine. Agents searched the informant and the informant's vehicle finding no money, drugs or firearms.

19. On August 16th, 2011, agents spoke with Federal Probation Officer Kevin Matherly, who advised that Antoniea Summerow gave his contact residence to be at his mother's residence on Cambridge Drive.

20. On August 17th, 2011, agents conducted surveillance at the Guest House Inn located at 2201 Park Drive, Chattanooga, Tennessee. Approx. 0715hrs, Agents observed Antoniea Summerow exit room 204 and enter room 201.

21. On August 18th, 2011, agents obtained a registration on Antoniea Summerow vehicle listed in paragraph 15. The registration appeared to be 861-MYM TN. The vehicle came back to Kenyatta Jasper, who has prior arrests for drug crimes.

22. On August 12th, 15th, 16th, 2011, agents observed short term traffic in room 201 which is consistent with the operation of a drug house.

23. Your affiant has reviewed a criminal history for Antoniea Summerow and is aware that he (Summerow) has several drug prior arrest and felony drug convictions. Antoniea Summerow has one felony drug arrest pending in Hamilton County Criminal Court.

24. On August 12th, 15th, 16th, and 17th, 2011, agents observed Antoniea Summerow leaving in the early morning hours from room 204 which led agents to believe that Antoniea Summerow's is using this room as his primary residence.

25. In your affiant's training, experience, and knowledge, drug dealers will sometimes utilize multiple locations in which to conduct drug trafficking activities in order to separate important components of the drug trafficking business. They often keep money, records, paraphernalia, packaging and other items in one location near to, but separated from, the location of the actual narcotics to be sold.

26. Submitting that there is probable cause to believe that the subject premises contains evidence of violations of firearms, controlled substance, conspiracy and other associated laws of the United States, affiant respectfully requests the court issue a search warrant for this location.

*Jason Palmer*
Jason Palmer, Chattanooga Police Department, Detective

Subscribed and sworn to before me this ___ day of August, 2011.

Susan K. Lee
United States Magistrate Judge.





